# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: <u>1:05-MJ-00601-</u>** |
| | : | <u>**AK-1**</u> |
| | : | |
| **LIRONG ZHUANG** | : | |
| | : | |
| **Defendant.** | : | |

---

## MOTION FOR EXPUNGEMENT OF ARREST RECORD AND CRIMINAL RECORD

LIRONG ZHUANG, Defendant, by and through her counsel, Sharon C. Chu, Esq., and the Law Offices of Sharon C. Chu, hereby moves for an order to expunge and seal the records of Defendant's arrest, and any proceedings in this case from the official records upon the following grounds:

## I.

## <u>JURISDICTION OF THE COURT</u>

1.      Federal courts have held that federal courts' power to consider whether to expunge arrest and criminal records of those exonerated of crimes prior to conviction was ancillary to criminal proceedings, and that a defendant who sought to have his or her arrest and criminal records expunged need not bring a separate

civil proceeding. _Livingston v. U.S. Dept. of Justice_, 759 F.2d 74 (C.A.D.C. 1985); _U.S. v. Schnitzer_, 567 F.2d 536 (C.A.N.Y. 1977): _U.S. v. Dooley_, 364 F.Supp. 75 (D.C. Pa. 1973). Extending this rule of law to the instant case, this Court has ancillary jurisdiction over the instant Motion to Expunge, and it is not necessary for Defendant to bring a separate civil suit seeking expungement.

2.    The United States Court of Appeals, District of Columbia Circuit, repeatedly has held that the power to order expungement of arrest and criminal records is a part of the inherent equitable power of the federal courts to fashion appropriate remedies to protect important legal rights of individuals, notwithstanding the fact that there is no statute that either requires or authorizes the expungement of such records. _Doe v. Webster_, 606 F.2d 1226 (C.A.D.C. 1979); _Menard v. Saxbe_, 498 F.2d 1017 (C.A.D.C. 1974); _Chastain v. Kelley_, 510 F.2d 1232 (C.A.D.C. 1975).

3.    Consequently, this Court has the inherent equitable power to adjudicate the instant Motion and to expunge the arrest and criminal records of Defendant.

**II.**

2

## SUMMARY OF FACTS

4.    Defendant, LIRONG ZHUANG (hereinafter alternately called "Ms. Zhuang" or the "Defendant"), was born in China on April 21, 1975, and she immigrated to the United States with her parents and siblings on or about April 1995. On or about June 2, 2003, Ms. Zhuang became a naturalized citizen of the United States. Attached herein as "Exhibit 1" is a copy of Ms. Zhuang's United States passport.

5.    On or about August 25, 2000, Ms. Zhuang graduated from the University of Maryland at College Park with a Bachelor's Degree in Accounting. Attached herein as "Exhibit 2" is a certified copy of Ms. Zhuang's transcript issued by the University of Maryland at College Park.

6.    On or about January 18, 2001, Ms. Zhuang and Jian Zhuang were married, and the couple have three (3) minor children.

7.    On or about November 9, 2005, Plaintiff, the United States of America (hereinafter called the "Government"), obtained an arrest warrant against Ms. Zhuang. Attached herein as "Exhibit 3" are copies of the Arrest Warrant issued on November 9, 2005, the

Affidavit of Ms. Lavinia A. Quigley, and the Criminal Complaint filed by the Government against Ms. Zhuang on or about November 9, 2005.

8.    The Affidavit signed by Ms. Lavinia A. Quigley, who was a police officer with the Metropolitan Police Department, alleged that she participated in an undercover investigation of LAI WHOLESALE (a.k.a. ANA WHOLESALE) (hereinafter called "ANA WHOLESALE"), located at <u>1335-1337 4TH Street, NE, Washington, D.C.</u> from January 2005, through November 9, 2005, to determine if said business was engaged in the commercial sale of counterfeit products (e.g., counterfeit Gucci, Coach, Burberry, and Prada purses). *<u>See</u> "Exhibit 3" for a copy of Officer Quigley's Affidavit.*

9.    Officer Quigley stated, *<u>inter alia</u>*, in her Affidavit the following:

a.    She met two Asian females at ANA WHOLESALE on January 26, 2005, "one of whom was subsequently identified as LIRONG ZHUANG." *<u>See</u> "Exhibit 3" for a copy of Officer Quigley's Affidavit.*

b.    On April 25, 2005, LIRONG ZHUANG identified herself

4

as "Lee" to Officer Quigley at ANA WHOLESALE. *See "Exhibit 3" for a copy of Officer Quigley's Affidavit.*

c.    On April 25, 2005, and May 12, 2005, she went to ANA WHOLESALE and purchased counterfeit Coach, Burberry, Prada, and Gucci handbags and other such items from two Asian females who were later identified to be LIRONG ZHUANG and LAN MA. *See "Exhibit 3" for a copy of Officer Quigley's Affidavit.*

10.    **This is a classic case of mistaken identity, because Defendant, Ms. Zhuang, never worked at ANA WHOLESALE and was not present at ANA WHOLESALE on the dates (i.e., January 26, 2005, April 25, 2005, and May 12, 2005).    In fact, Defendant, Ms. Zhuang, was on an extended vacation in China from December 29, 2004, through April 4, 2005, and thus she could not possibly have been at ANA WHOLESALE on January 26, 2005, as alleged by the Government.**    Attached herein as "Exhibit 4" are the relevant pages of Ms. Zhuang's passport, evidencing her being in China from December 29, 2004, through April 4, 2005.    **Further, Ms. Zhuang and her mother**

**were visiting her older brother's family in California from May 10, 2005, through May 30, 2005, and thus she could not possibly have been at ANA WHOLESALE on May 12, 2005, as alleged by the Government.** Attached herein as "Exhibit 5" is a copy of Ms. Zhuang's e-ticket regarding her travel to California from May 10, 2005, through May 30, 2005.

11. On or about November 10, 2005, agents of the Federal Bureau of Investigations (hereinafter called "FBI") arrested Defendant, Ms. Zhuang, while she was working at A & B Wholesale Corporation, located at <u>307-309 West Baltimore Street, Baltimore, Maryland 21201</u>. (*See* Docket#4).

12. At the time of her arrest on November 10, 2005, Ms. Zhuang was employed as a cashier and bookkeeper at A & B Wholesale Corporation. In fact, Ms. Zhuang continuously had been employed as a cashier and bookkeeper at A & B Wholesale Corporation from about January 2002, through about October 2006.

13. On or about November 10, 2005, FBI agents arrested one LAN MA, who is an Asian female, and one RICARDO GUEVARA

GOMEZ, who is a Hispanic male, while they were working at ANA WHOLESALE, located at <u>1335-1337 4TH Street, NE, Washington, D.C.</u> Attached herein as "Exhibit 6" are the Docket Sheets regarding the Government's prosecutions of Ms. Ma and Mr. Gomez.

14. Ms. Zhuang was released from detention on personal recognizance on November 14, 2005. (*See* Docket#5).

15. From about November 14, 2005, through about February 2006, Defendant's undersigned counsel informed John P. Carlin, Esq., and Corbin A. Weiss, Esq., Assistant United States Attorneys, on several occasions that this was a case of mistaken identity, and that Defendant, Ms. Zhuang, had nothing whatsoever to do with this alleged crime of conspiracy to traffic in counterfeit goods in violation of Title 18, United States Code, Sections 371 and 2320. Defendant's undersigned counsel, moreover, showed Mr. Carlin the relevant pages of Ms. Zhuang's passport evidencing that she was in China from December 29, 2004, through April 4, 2005, and asked Mr. Carlin to subpoena the records of Independence Airlines to verify that Ms. Zhuang traveled to California on May

7

10, 2005, and that Ms. Zhuang returned to Maryland on May 30, 2005.

16. On or about December 29, 2005, Mr. Weiss telephoned Defendant's undersigned counsel and informed her that the Government had issued subpoenae to various airline companies, that it would take an additional sixty (60) days to obtain the airline companies' records regarding Defendant's travels, and thus that he requested that Defendant consent to continue the preliminary hearing for sixty (60) days and to waive Defendant's right to a speedy trial during that sixty (60) day period.

17. On January 9, 2006, Defendant waived her right to a speedy trial for sixty (60) days and consented to the continuance of the preliminary hearing for sixty (60) days.

18. Mr. Carlin informed Defendant's undersigned counsel on or about February 2006, that the two (2) individuals arrested at ANA WHOLESALE on November 10, 2005, had informed the Government that Defendant, Ms. Zhuang, never worked at ANA WHOLESALE, and that the Government was willing to dismiss the criminal action against Defendant, Ms. Zhuang.

19.   On or about February 23, 2006, the Government filed a Motion to Dismiss the Complaint against Defendant, Ms. Zhuang. (*See* Docket#7).

20.   Magistrate Judge Kay granted the Government's Motion to Dismiss the Complaint against Defendant on February 23, 2006. (*See* Docket#8).

### III.

### LEGAL STANDARD

21.   It is a well-established rule of law in this jurisdiction that expungement of arrest and criminal records is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him or her outweighs the government's need for a record of the arrest and the crime. *Doe v. Webster, 606 F.2d 1226 (C.A.D.C. 1979).*

22.   Relevant factors for the court to consider in determining the harm to the defendant resulting from his or her arrest and criminal records include (a) the potential interference with employment or substantial barrier to employment, (b) the social stigma and

9

resultant harm to defendant's reputation, (c) the potential suspicion of future crimes that would be suffered by defendant, (d) the adverse impact of arrest and criminal records on defendant's decision as to whether to testify in court, and (e) the use by judges of arrest and criminal records in making decisions as to sentencing, whether to grant bail, or whether to release pending appeal. *Menard v. Saxbe, 498 F.2d 1017 (C.A.D.C. 1974).*

23.    In addition to the general rule that expungement should be ordered if the harm to the defendant outweighs the government's need for the arrest and criminal records, it is a well-established rule of law that, ***"if there was no crime, or if the government concedes that the defendant was not in any implicated in its commission, it would appear to have no need for the (arrest and criminal) records at all. If, however, the charges are dismissed for some other reason (e.g., a plea bargain) or if the defendant is tried and acquitted on a 'technical' ground, there may arguably be a need to retain the record for investigatory purposes in the event that another, similar offense is committed."*** (Emphasis Added).

Id.  Therefore, when the government dismisses charges against a defendant and concedes his or her innocence, federal courts should grant a motion to expunge the defendant's arrest and criminal records.  Id.; *U.S. v. Flagg, 178 F. Supp. 2d 903 (S.D. Ohio 2001); Camfield v. City of Oklahoma City, 248 F.2d 1214 (10th Cir. 2001)*.

24.    Federal courts have noted that it was the policy of the United States Attorney's office to oppose vigorously motions to expunge arrest records, unless, in the discretion of the United States Attorney, the interests of justice clearly require expungement. *U.S. v. Cook, 480 F.Supp. 262 (D.C.Tex. 1979)*.  In a memorandum issued by the Department of Justice in 1972, an example of a case where expungement should be appropriate in the view of the United States Attorney's office was where the arrest was based on mistaken identity.  Id.

## IV.

## EXCEPTIONAL CIRCUMSTANCE EXISTS TO WARRANT THE EXPUNGEMENT OF DEFENDANT'S ARREST RECORD AND CRIMINAL RECORD, BECAUSE THIS IS A CLASSIC CASE OF MISTAKEN IDENTITY

25.    Applying the foregoing legal standards to the instant case, it is

11

clear that the Government's arrest of Defendant, Ms. Zhuang, on November 10, 2005, was based on mistaken identity. That is, the facts show (a) that Ms. Zhuang never worked at ANA WHOLESALE, (b) that Ms. Zhuang was in China on January 26, 2005, which was the date that Officer Quigley allegedly met Ms. Zhuang at ANA WHOLESALE in the District of Columbia as set forth in Officer Quigley's Affidavit, and (c) that Ms. Zhuang and her mother were in California visiting her older brother's family on May 12, 2005, which was the date that Officer Quigley allegedly purchased counterfeit purses and other such items from Ms. Zhuang at ANA WHOLESALE in the District of Columbia.

26.    It, moreover, is clear that the Government dismissed the instant Complaint against Defendant, because it had determined that Ms. Zhuang was innocent of the instant charges.

27.    Therefore, it is in the interest of justice and equity for this Court to expunge the arrest record and the criminal history record of this case regarding Defendant, because Defendant is innocent of the charges and the instant arrest and criminal records, which are the products of the Government's arrest of Defendant based on

mistaken identity and the Government's dismissal of the charges against Defendant based on the Government's recognition of Defendant's innocence of all charges, have no legitimate law enforcement credibility or value to the Government.

**V.**

**THE COURT SHOULD GRANT THE INSTANT MOTION, BECAUSE THE SUBSTANTIAL HARM SUFFERED BY THE DEFENDANT OUTWEIGHS THE GOVERNMENT'S NEED FOR A RECORD OF THE ARREST AND A RECORD OF THESE PROCEEDINGS**

28.    In addition to the fact that Defendant's instant arrest and criminal records arose from the Government's arrest of Defendant based on mistaken identity, Defendant has and will continue to suffer substantial harm from the arrest and criminal records. Specifically, Defendant's arrest and criminal records has and will continue to impair her ability to qualify for a job for which she has been offered and to obtain future employment.

29.    Ms. Zhuang's arrest and criminal records, moreover, may prevent her from obtaining a license as a certified public accountant.

30.    Also, Ms. Zhuang has and will continue to suffer the social stigma resulting from her arrest and criminal records. Attached herein as

13

"Exhibit **7**" is Ms. Zhuang's Affidavit.

31.    As set forth in Ms. Zhuang's attached Affidavit, she has and will continue to suffer substantial harm from her arrest and criminal records. Consequently, the Court should order the expungement of Ms. Zhuang's arrest and criminal records to preserve her basic legal rights to work and to protect her reputation.

## VI.

## CONCLUSION

32.    For the foregoing reasons, Defendant, Ms. Zhuang, respectfully requests that the Court grant the instant Motion, based on either the ground that her arrest and criminal records are the products of the Government's arrest of her based on mistaken identity, or the ground that the substantial harm to Ms. Zhuang caused by her arrest and criminal records outweighs the Government's need for those records.

WHEREFORE, Defendant, LIRONG ZHUANG, respectfully requests that the Court order the expungement of her arrest and criminal records, and that the Court order such other and further relief as the nature of her cause may require.

14

DATED: <u>July 1, 2008</u>                   <u>/s/ Sharon C. Chu</u>
                                        Sharon C. Chu (D.C.Bar#445690)
                                        LAW OFFICES OF SHARON C. CHU
                                        100 Park Avenue, Suite #288
                                        Rockville, MD 20850
                                        (301) 838-8988

                                        Attorney for Defendant

### Certificate of Service

I HEREBY CERTIFY that on this <u>1</u>st day of July, 2008, a copy of the foregoing **MOTION FOR EXPUNGEMENT OF ARREST RECORD AND CRIMINAL RECORD** was placed in a sealed envelope with first-class postage thereon fully prepaid, in the United States mail at Rockville, Maryland addressed as follows:

    1.    John P. Carlin, Esq.
           Assistant U.S. Attorney
           U.S. ATTORNEY'S OFFICE
           555 Fourth Street, NW
           Washington, D.C.  20530

    2.    Corbin A. Weiss, Esq.
           Assistant U.S. Attorney
           U.S. DEPARTMENT OF JUSTICE
           1301 New York Avenue, NW
           Washington, D.C.  20530-0001

                                        <u>/s/ Sharon C. Chu</u>
                                        Sharon C. Chu

C:\Documents and Settings\Sharon Chu\My Documents\My Documents\OFFICE CLIENTS\ZHUANG, LIRONG (EXPUNGEMENT 1-16-08)\PLEADINGS\MOTION FOR EXPUNGEMENT.revised.7-1-08.wpd

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
              **Plaintiff,**          :
                                  :
      v.                    :   **Case No.: <u>1:05-MJ-00601-**
                                  :            **AK-1</u>**
                                  :
LIRONG ZHUANG                     :
                                  :
             **Defendant.**          :

_____

## MOTION FOR EXPUNGEMENT OF ARREST RECORD AND CRIMINAL RECORD

LIRONG ZHUANG, Defendant, by and through her counsel, Sharon C. Chu, Esq., and the Law Offices of Sharon C. Chu, hereby moves for an order to expunge and seal the records of Defendant's arrest, and any proceedings in this case from the official records upon the following grounds:

## I.

## <u>JURISDICTION OF THE COURT</u>

1.    Federal courts have held that federal courts' power to consider whether to expunge arrest and criminal records of those exonerated of crimes prior to conviction was ancillary to criminal proceedings, and that a defendant who sought to have his or her arrest and criminal records expunged need not bring a separate

civil proceeding. *Livingston v. U.S. Dept. of Justice*, 759 F.2d 74 (C.A.D.C. 1985); *U.S. v. Schnitzer*, 567 F.2d 536 (C.A.N.Y. 1977): *U.S. v. Dooley*, 364 F.Supp. 75 (D.C. Pa. 1973). Extending this rule of law to the instant case, this Court has ancillary jurisdiction over the instant Motion to Expunge, and it is not necessary for Defendant to bring a separate civil suit seeking expungement.

2.    The United States Court of Appeals, District of Columbia Circuit, repeatedly has held that the power to order expungement of arrest and criminal records is a part of the inherent equitable power of the federal courts to fashion appropriate remedies to protect important legal rights of individuals, notwithstanding the fact that there is no statute that either requires or authorizes the expungement of such records. *Doe v. Webster*, 606 F.2d 1226 (C.A.D.C. 1979); *Menard v. Saxbe*, 498 F.2d 1017 (C.A.D.C. 1974); *Chastain v. Kelley*, 510 F.2d 1232 (C.A.D.C. 1975).

3.    Consequently, this Court has the inherent equitable power to adjudicate the instant Motion and to expunge the arrest and criminal records of Defendant.

**II.**

2

## SUMMARY OF FACTS

4.    Defendant, LIRONG ZHUANG (hereinafter alternately called "Ms. Zhuang" or the "Defendant"), was born in China on April 21, 1975, and she immigrated to the United States with her parents and siblings on or about April 1995. On or about June 2, 2003, Ms. Zhuang became a naturalized citizen of the United States. Attached herein as "Exhibit 1" is a copy of Ms. Zhuang's United States passport.

5.    On or about August 25, 2000, Ms. Zhuang graduated from the University of Maryland at College Park with a Bachelor's Degree in Accounting. Attached herein as "Exhibit 2" is a certified copy of Ms. Zhuang's transcript issued by the University of Maryland at College Park.

6.    On or about January 18, 2001, Ms. Zhuang and Jian Zhuang were married, and the couple have three (3) minor children.

7.    On or about November 9, 2005, Plaintiff, the United States of America (hereinafter called the "Government"), obtained an arrest warrant against Ms. Zhuang. Attached herein as "Exhibit 3" are copies of the Arrest Warrant issued on November 9, 2005, the

3

Affidavit of Ms. Lavinia A. Quigley, and the Criminal Complaint filed by the Government against Ms. Zhuang on or about November 9, 2005.

8.    The Affidavit signed by Ms. Lavinia A. Quigley, who was a police officer with the Metropolitan Police Department, alleged that she participated in an undercover investigation of LAI WHOLESALE (a.k.a. ANA WHOLESALE) (hereinafter called "ANA WHOLESALE"), located at <u>1335-1337 4TH Street, NE, Washington, D.C.</u> from January 2005, through November 9, 2005, to determine if said business was engaged in the commercial sale of counterfeit products (e.g., counterfeit Gucci, Coach, Burberry, and Prada purses). _See "Exhibit 3" for a copy of Officer Quigley's Affidavit._

9.    Officer Quigley stated, _inter alia_, in her Affidavit the following:

a.    She met two Asian females at ANA WHOLESALE on January 26, 2005, "one of whom was subsequently identified as LIRONG ZHUANG." _See "Exhibit 3" for a copy of Officer Quigley's Affidavit._

b.    On April 25, 2005, LIRONG ZHUANG identified herself

4

as "Lee" to Officer Quigley at ANA WHOLESALE. *See "Exhibit 3" for a copy of Officer Quigley's Affidavit.*

c.    On April 25, 2005, and May 12, 2005, she went to ANA WHOLESALE and purchased counterfeit Coach, Burberry, Prada, and Gucci handbags and other such items from two Asian females who were later identified to be LIRONG ZHUANG and LAN MA. *See "Exhibit 3" for a copy of Officer Quigley's Affidavit.*

10.    **This is a classic case of mistaken identity, because Defendant, Ms. Zhuang, never worked at ANA WHOLESALE and was not present at ANA WHOLESALE on the dates (i.e., January 26, 2005, April 25, 2005, and May 12, 2005).    In fact, Defendant, Ms. Zhuang, was on an extended vacation in China from December 29, 2004, through April 4, 2005, and thus she could not possibly have been at ANA WHOLESALE on January 26, 2005, as alleged by the Government.** Attached herein as "Exhibit 4" are the relevant pages of Ms. Zhuang's passport, evidencing her being in China from December 29, 2004, through April 4, 2005. **Further, Ms. Zhuang and her mother**

5

**were visiting her older brother's family in California from May 10, 2005, through May 30, 2005, and thus she could not possibly have been at ANA WHOLESALE on May 12, 2005, as alleged by the Government.**  Attached herein as "Exhibit 5" is a copy of Ms. Zhuang's e-ticket regarding her travel to California from May 10, 2005, through May 30, 2005.

11.    On or about November 10, 2005, agents of the Federal Bureau of Investigations (hereinafter called "FBI") arrested Defendant, Ms. Zhuang, while she was working at A & B Wholesale Corporation, located at <u>307-309 West Baltimore Street, Baltimore, Maryland 21201</u>.  (*See* Docket#4).

12.    At the time of her arrest on November 10, 2005, Ms. Zhuang was employed as a cashier and bookkeeper at A & B Wholesale Corporation.   In fact, Ms. Zhuang continuously had been employed as a cashier and bookkeeper at A & B Wholesale Corporation from about January 2002, through about October 2006.

13.    On or about November 10, 2005, FBI agents arrested one LAN MA, who is an Asian female, and one RICARDO GUEVARA

6

GOMEZ, who is a Hispanic male, while they were working at ANA WHOLESALE, located at <u>1335-1337 4TH Street, NE, Washington, D.C.</u>  Attached herein as "Exhibit 6" are the Docket Sheets regarding the Government's prosecutions of Ms. Ma and Mr. Gomez.

14.     Ms. Zhuang was released from detention on personal recognizance on November 14, 2005. (<u>*See*</u> Docket#5).

15.     From about November 14, 2005, through about February 2006, Defendant's undersigned counsel informed John P. Carlin, Esq., and Corbin A. Weiss, Esq., Assistant United States Attorneys, on several occasions that this was a case of mistaken identity, and that Defendant, Ms. Zhuang, had nothing whatsoever to do with this alleged crime of conspiracy to traffic in counterfeit goods in violation of Title 18, United States Code, Sections 371 and 2320. Defendant's undersigned counsel, moreover, showed Mr. Carlin the relevant pages of Ms. Zhuang's passport evidencing that she was in China from December 29, 2004, through April 4, 2005, and asked Mr. Carlin to subpoena the records of Independence Airlines to verify that Ms. Zhuang traveled to California on May

10, 2005, and that Ms. Zhuang returned to Maryland on May 30, 2005.

16.   On or about December 29, 2005, Mr. Weiss telephoned Defendant's undersigned counsel and informed her that the Government had issued subpoenae to various airline companies, that it would take an additional sixty (60) days to obtain the airline companies' records regarding Defendant's travels, and thus that he requested that Defendant consent to continue the preliminary hearing for sixty (60) days and to waive Defendant's right to a speedy trial during that sixty (60) day period.

17.   On January 9, 2006, Defendant waived her right to a speedy trial for sixty (60) days and consented to the continuance of the preliminary hearing for sixty (60) days.

18.   Mr. Carlin informed Defendant's undersigned counsel on or about February 2006, that the two (2) individuals arrested at ANA WHOLESALE on November 10, 2005, had informed the Government that Defendant, Ms. Zhuang, never worked at ANA WHOLESALE, and that the Government was willing to dismiss the criminal action against Defendant, Ms. Zhuang.

19.    On or about February 23, 2006, the Government filed a Motion to Dismiss the Complaint against Defendant, Ms. Zhuang. (*See* Docket#7).

20.    Magistrate Judge Kay granted the Government's Motion to Dismiss the Complaint against Defendant on February 23, 2006. (*See* Docket#8).

### III.

### <u>LEGAL STANDARD</u>

21.    It is a well-established rule of law in this jurisdiction that expungement of arrest and criminal records is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him or her outweighs the government's need for a record of the arrest and the crime. *<u>Doe v. Webster</u>, 606 F.2d 1226 (C.A.D.C. 1979).*

22.    Relevant factors for the court to consider in determining the harm to the defendant resulting from his or her arrest and criminal records include (a) the potential interference with employment or substantial barrier to employment, (b) the social stigma and

9

resultant harm to defendant's reputation, (c) the potential suspicion of future crimes that would be suffered by defendant, (d) the adverse impact of arrest and criminal records on defendant's decision as to whether to testify in court, and (e) the use by judges of arrest and criminal records in making decisions as to sentencing, whether to grant bail, or whether to release pending appeal. *Menard v. Saxbe, 498 F.2d 1017 (C.A.D.C. 1974).*

23. In addition to the general rule that expungement should be ordered if the harm to the defendant outweighs the government's need for the arrest and criminal records, it is a well-established rule of law that, ***"if there was no crime, or if the government concedes that the defendant was not in any implicated in its commission, it would appear to have no need for the (arrest and criminal) records at all. If, however, the charges are dismissed for some other reason (e.g., a plea bargain) or if the defendant is tried and acquitted on a 'technical' ground, there may arguably be a need to retain the record for investigatory purposes in the event that another, similar offense is committed."*** (Emphasis Added).

10

Id.  Therefore, when the government dismisses charges against a defendant and concedes his or her innocence, federal courts should grant a motion to expunge the defendant's arrest and criminal records.  Id.; _U.S. v. Flagg_, _178 F. Supp. 2d 903 (S.D. Ohio 2001)_; _Camfield v. City of Oklahoma City_, _248 F.2d 1214 (10th Cir. 2001)_.

24.    Federal courts have noted that it was the policy of the United States Attorney's office to oppose vigorously motions to expunge arrest records, unless, in the discretion of the United States Attorney, the interests of justice clearly require expungement. _U.S. v. Cook_, _480 F.Supp. 262 (D.C.Tex. 1979)_.  In a memorandum issued by the Department of Justice in 1972, an example of a case where expungement should be appropriate in the view of the United States Attorney's office was where the arrest was based on mistaken identity.  Id.

**IV.**

**EXCEPTIONAL CIRCUMSTANCE EXISTS TO WARRANT THE EXPUNGEMENT OF DEFENDANT'S ARREST RECORD AND CRIMINAL RECORD, BECAUSE THIS IS A CLASSIC CASE OF MISTAKEN IDENTITY**

25.    Applying the foregoing legal standards to the instant case, it is

11

clear that the Government's arrest of Defendant, Ms. Zhuang, on November 10, 2005, was based on mistaken identity. That is, the facts show (a) that Ms. Zhuang never worked at ANA WHOLESALE, (b) that Ms. Zhuang was in China on January 26, 2005, which was the date that Officer Quigley allegedly met Ms. Zhuang at ANA WHOLESALE in the District of Columbia as set forth in Officer Quigley's Affidavit, and (c) that Ms. Zhuang and her mother were in California visiting her older brother's family on May 12, 2005, which was the date that Officer Quigley allegedly purchased counterfeit purses and other such items from Ms. Zhuang at ANA WHOLESALE in the District of Columbia.

26.    It, moreover, is clear that the Government dismissed the instant Complaint against Defendant, because it had determined that Ms. Zhuang was innocent of the instant charges.

27.    Therefore, it is in the interest of justice and equity for this Court to expunge the arrest record and the criminal history record of this case regarding Defendant, because Defendant is innocent of the charges and the instant arrest and criminal records, which are the products of the Government's arrest of Defendant based on

mistaken identity and the Government's dismissal of the charges against Defendant based on the Government's recognition of Defendant's innocence of all charges, have no legitimate law enforcement credibility or value to the Government.

**V.**

**THE COURT SHOULD GRANT THE INSTANT MOTION, BECAUSE THE SUBSTANTIAL HARM SUFFERED BY THE DEFENDANT OUTWEIGHS THE GOVERNMENT'S NEED FOR A RECORD OF THE ARREST AND A RECORD OF THESE PROCEEDINGS**

28.     In addition to the fact that Defendant's instant arrest and criminal records arose from the Government's arrest of Defendant based on mistaken identity, Defendant has and will continue to suffer substantial harm from the arrest and criminal records. Specifically, Defendant's arrest and criminal records has and will continue to impair her ability to qualify for a job for which she has been offered and to obtain future employment.

29.     Ms. Zhuang's arrest and criminal records, moreover, may prevent her from obtaining a license as a certified public accountant**.**

30.     Also, Ms. Zhuang has and will continue to suffer the social stigma resulting from her arrest and criminal records.  Attached herein as

"Exhibit **7**" is Ms. Zhuang's Affidavit.

31.    As set forth in Ms. Zhuang's attached Affidavit, she has and will

continue to suffer substantial harm from her arrest and criminal

records.  Consequently, the Court should order the expungement

of Ms. Zhuang's arrest and criminal records to preserve her basic

legal rights to work and to protect her reputation.

## VI.

## CONCLUSION

32.    For the foregoing reasons, Defendant, Ms. Zhuang, respectfully

requests that the Court grant the instant Motion, based on <u>either</u>

the ground that her arrest and criminal records are the products of

the Government's arrest of her based on mistaken identity, <u>or</u> the

ground that the substantial harm to Ms. Zhuang caused by her

arrest and criminal records outweighs the Government's need for

those records.

WHEREFORE, Defendant, LIRONG ZHUANG, respectfully requests

that the Court order the expungement of her arrest and criminal records, and

that the Court order such other and further relief as the nature of her cause may

require.

DATED: <u>July 1, 2008</u>              <u>/s/ Sharon C. Chu</u>
                                        Sharon C. Chu (D.C.Bar#445690)
                                        LAW OFFICES OF SHARON C. CHU
                                        100 Park Avenue, Suite #288
                                        Rockville, MD 20850
                                        (301) 838-8988

                                        Attorney for Defendant

### Certificate of Service

    I HEREBY CERTIFY that on this 1st day of July, 2008, a copy of the foregoing **MOTION FOR EXPUNGEMENT OF ARREST RECORD AND CRIMINAL RECORD** was placed in a sealed envelope with first-class postage thereon fully prepaid, in the United States mail at Rockville, Maryland addressed as follows:

    1.    John P. Carlin, Esq.
          Assistant U.S. Attorney
          U.S. ATTORNEY'S OFFICE
          555 Fourth Street, NW
          Washington, D.C.  20530

    2.    Corbin A. Weiss, Esq.
          Assistant U.S. Attorney
          U.S. DEPARTMENT OF JUSTICE
          1301 New York Avenue, NW
          Washington, D.C.  20530-0001

                                        <u>/s/ Sharon C. Chu</u>
                                        Sharon C. Chu

C:\Documents and Settings\Sharon Chu\My Documents\My Documents\OFFICE CLIENTS\ZHUANG, LIRONG (EXPUNGEMENT 1-16-08)\PLEADINGS\MOTION FOR EXPUNGEMENT.revised.7-1-08.wpd

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **Case No.: <u>1:05-MJ-00601-</u>** |
| | : **<u>AK-1</u>** |
| | : |
| **LIRONG ZHUANG** | : |
| | : |
| **Defendant.** | : |

_____

## MOTION FOR EXPUNGEMENT OF ARREST RECORD AND CRIMINAL RECORD

LIRONG ZHUANG, Defendant, by and through her counsel, Sharon C. Chu, Esq., and the Law Offices of Sharon C. Chu, hereby moves for an order to expunge and seal the records of Defendant's arrest, and any proceedings in this case from the official records upon the following grounds:

## I.

## <u>JURISDICTION OF THE COURT</u>

1.    Federal courts have held that federal courts' power to consider whether to expunge arrest and criminal records of those exonerated of crimes prior to conviction was ancillary to criminal proceedings, and that a defendant who sought to have his or her arrest and criminal records expunged need not bring a separate

civil proceeding. *Livingston v. U.S. Dept. of Justice*, 759 F.2d 74 (C.A.D.C. 1985); *U.S. v. Schnitzer*, 567 F.2d 536 (C.A.N.Y. 1977): *U.S. v. Dooley*, 364 F.Supp. 75 (D.C. Pa. 1973). Extending this rule of law to the instant case, this Court has ancillary jurisdiction over the instant Motion to Expunge, and it is not necessary for Defendant to bring a separate civil suit seeking expungement.

2. The United States Court of Appeals, District of Columbia Circuit, repeatedly has held that the power to order expungement of arrest and criminal records is a part of the inherent equitable power of the federal courts to fashion appropriate remedies to protect important legal rights of individuals, notwithstanding the fact that there is no statute that either requires or authorizes the expungement of such records. *Doe v. Webster*, 606 F.2d 1226 (C.A.D.C. 1979); *Menard v. Saxbe*, 498 F.2d 1017 (C.A.D.C. 1974); *Chastain v. Kelley*, 510 F.2d 1232 (C.A.D.C. 1975).

3. Consequently, this Court has the inherent equitable power to adjudicate the instant Motion and to expunge the arrest and criminal records of Defendant.

**II.**

2

## SUMMARY OF FACTS

4.    Defendant, LIRONG ZHUANG (hereinafter alternately called "Ms. Zhuang" or the "Defendant"), was born in China on April 21, 1975, and she immigrated to the United States with her parents and siblings on or about April 1995. On or about June 2, 2003, Ms. Zhuang became a naturalized citizen of the United States. Attached herein as "Exhibit 1" is a copy of Ms. Zhuang's United States passport.

5.    On or about August 25, 2000, Ms. Zhuang graduated from the University of Maryland at College Park with a Bachelor's Degree in Accounting. Attached herein as "Exhibit 2" is a certified copy of Ms. Zhuang's transcript issued by the University of Maryland at College Park.

6.    On or about January 18, 2001, Ms. Zhuang and Jian Zhuang were married, and the couple have three (3) minor children.

7.    On or about November 9, 2005, Plaintiff, the United States of America (hereinafter called the "Government"), obtained an arrest warrant against Ms. Zhuang. Attached herein as "Exhibit 3" are copies of the Arrest Warrant issued on November 9, 2005, the

3

Affidavit of Ms. Lavinia A. Quigley, and the Criminal Complaint filed by the Government against Ms. Zhuang on or about November 9, 2005.

8.  The Affidavit signed by Ms. Lavinia A. Quigley, who was a police officer with the Metropolitan Police Department, alleged that she participated in an undercover investigation of LAI WHOLESALE (a.k.a. ANA WHOLESALE) (hereinafter called "ANA WHOLESALE"), located at <u>1335-1337 4TH Street, NE, Washington, D.C.</u> from January 2005, through November 9, 2005, to determine if said business was engaged in the commercial sale of counterfeit products (e.g., counterfeit Gucci, Coach, Burberry, and Prada purses). <u>*See* "Exhibit 3" for a copy of Officer Quigley's Affidavit.*</u>

9.  Officer Quigley stated, <u>*inter alia*</u>, in her Affidavit the following:

    a.  She met two Asian females at ANA WHOLESALE on January 26, 2005, "one of whom was subsequently identified as LIRONG ZHUANG." <u>*See* "Exhibit 3" for a copy of Officer Quigley's Affidavit.*</u>

    b.  On April 25, 2005, LIRONG ZHUANG identified herself

4

as "Lee" to Officer Quigley at ANA WHOLESALE. *See "Exhibit 3" for a copy of Officer Quigley's Affidavit.*

c.    On April 25, 2005, and May 12, 2005, she went to ANA WHOLESALE and purchased counterfeit Coach, Burberry, Prada, and Gucci handbags and other such items from two Asian females who were later identified to be LIRONG ZHUANG and LAN MA. *See "Exhibit 3" for a copy of Officer Quigley's Affidavit.*

10.    **This is a classic case of mistaken identity, because Defendant, Ms. Zhuang, never worked at ANA WHOLESALE and was not present at ANA WHOLESALE on the dates (i.e., January 26, 2005, April 25, 2005, and May 12, 2005). In fact, Defendant, Ms. Zhuang, was on an extended vacation in China from December 29, 2004, through April 4, 2005, and thus she could not possibly have been at ANA WHOLESALE on January 26, 2005, as alleged by the Government.** Attached herein as "Exhibit 4" are the relevant pages of Ms. Zhuang's passport, evidencing her being in China from December 29, 2004, through April 4, 2005. **Further, Ms. Zhuang and her mother**

5

**were visiting her older brother's family in California from May 10, 2005, through May 30, 2005, and thus she could not possibly have been at ANA WHOLESALE on May 12, 2005, as alleged by the Government.**  Attached herein as "Exhibit 5" is a copy of Ms. Zhuang's e-ticket regarding her travel to California from May 10, 2005, through May 30, 2005.

11.    On or about November 10, 2005, agents of the Federal Bureau of Investigations (hereinafter called "FBI") arrested Defendant, Ms. Zhuang, while she was working at A & B Wholesale Corporation, located at 307-309 West Baltimore Street, Baltimore, Maryland 21201.  (*See* Docket#4).

12.    At the time of her arrest on November 10, 2005, Ms. Zhuang was employed as a cashier and bookkeeper at A & B Wholesale Corporation.  In fact, Ms. Zhuang continuously had been employed as a cashier and bookkeeper at A & B Wholesale Corporation from about January 2002, through about October 2006.

13.    On or about November 10, 2005, FBI agents arrested one LAN MA, who is an Asian female, and one RICARDO GUEVARA

6

GOMEZ, who is a Hispanic male, while they were working at ANA WHOLESALE, located at <u>1335-1337 4TH Street, NE, Washington, D.C.</u>  Attached herein as "Exhibit 6" are the Docket Sheets regarding the Government's prosecutions of Ms. Ma and Mr. Gomez.

14.    Ms. Zhuang was released from detention on personal recognizance on November 14, 2005. (*See* Docket#5).

15.    From about November 14, 2005, through about February 2006, Defendant's undersigned counsel informed John P. Carlin, Esq., and Corbin A. Weiss, Esq., Assistant United States Attorneys, on several occasions that this was a case of mistaken identity, and that Defendant, Ms. Zhuang, had nothing whatsoever to do with this alleged crime of conspiracy to traffic in counterfeit goods in violation of Title 18, United States Code, Sections 371 and 2320. Defendant's undersigned counsel, moreover, showed Mr. Carlin the relevant pages of Ms. Zhuang's passport evidencing that she was in China from December 29, 2004, through April 4, 2005, and asked Mr. Carlin to subpoena the records of Independence Airlines to verify that Ms. Zhuang traveled to California on May

10, 2005, and that Ms. Zhuang returned to Maryland on May 30, 2005.

16. On or about December 29, 2005, Mr. Weiss telephoned Defendant's undersigned counsel and informed her that the Government had issued subpoenae to various airline companies, that it would take an additional sixty (60) days to obtain the airline companies' records regarding Defendant's travels, and thus that he requested that Defendant consent to continue the preliminary hearing for sixty (60) days and to waive Defendant's right to a speedy trial during that sixty (60) day period.

17. On January 9, 2006, Defendant waived her right to a speedy trial for sixty (60) days and consented to the continuance of the preliminary hearing for sixty (60) days.

18. Mr. Carlin informed Defendant's undersigned counsel on or about February 2006, that the two (2) individuals arrested at ANA WHOLESALE on November 10, 2005, had informed the Government that Defendant, Ms. Zhuang, never worked at ANA WHOLESALE, and that the Government was willing to dismiss the criminal action against Defendant, Ms. Zhuang.

19. On or about February 23, 2006, the Government filed a Motion to Dismiss the Complaint against Defendant, Ms. Zhuang. (*See* Docket#7).

20. Magistrate Judge Kay granted the Government's Motion to Dismiss the Complaint against Defendant on February 23, 2006. (*See* Docket#8).

## III.

## LEGAL STANDARD

21. It is a well-established rule of law in this jurisdiction that expungement of arrest and criminal records is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him or her outweighs the government's need for a record of the arrest and the crime. *Doe v. Webster, 606 F.2d 1226 (C.A.D.C. 1979)*.

22. Relevant factors for the court to consider in determining the harm to the defendant resulting from his or her arrest and criminal records include (a) the potential interference with employment or substantial barrier to employment, (b) the social stigma and

resultant harm to defendant's reputation, (c) the potential suspicion of future crimes that would be suffered by defendant, (d) the adverse impact of arrest and criminal records on defendant's decision as to whether to testify in court, and (e) the use by judges of arrest and criminal records in making decisions as to sentencing, whether to grant bail, or whether to release pending appeal. *Menard v. Saxbe, 498 F.2d 1017 (C.A.D.C. 1974).*

23.    In addition to the general rule that expungement should be ordered if the harm to the defendant outweighs the government's need for the arrest and criminal records, it is a well-established rule of law that, ***"if there was no crime, or if the government concedes that the defendant was not in any implicated in its commission, it would appear to have no need for the (arrest and criminal) records at all.  If, however, the charges are dismissed for some other reason (e.g., a plea bargain) or if the defendant is tried and acquitted on a 'technical' ground, there may arguably be a need to retain the record for investigatory purposes in the event that another, similar offense is committed."*** (Emphasis Added).

10

Id.  Therefore, when the government dismisses charges against a defendant and concedes his or her innocence, federal courts should grant a motion to expunge the defendant's arrest and criminal records.  Id.; *U.S. v. Flagg, 178 F. Supp. 2d 903 (S.D. Ohio 2001); Camfield v. City of Oklahoma City, 248 F.2d 1214 (10th Cir. 2001).*

24.    Federal courts have noted that it was the policy of the United States Attorney's office to oppose vigorously motions to expunge arrest records, unless, in the discretion of the United States Attorney, the interests of justice clearly require expungement. *U.S. v. Cook, 480 F.Supp. 262 (D.C.Tex. 1979).*  In a memorandum issued by the Department of Justice in 1972, an example of a case where expungement should be appropriate in the view of the United States Attorney's office was where the arrest was based on mistaken identity.  Id.

**IV.**

**EXCEPTIONAL CIRCUMSTANCE EXISTS TO WARRANT THE EXPUNGEMENT OF DEFENDANT'S ARREST RECORD AND CRIMINAL RECORD, BECAUSE THIS IS A CLASSIC CASE OF MISTAKEN IDENTITY**

25.    Applying the foregoing legal standards to the instant case, it is

11

clear that the Government's arrest of Defendant, Ms. Zhuang, on November 10, 2005, was based on mistaken identity. That is, the facts show (a) that Ms. Zhuang never worked at ANA WHOLESALE, (b) that Ms. Zhuang was in China on January 26, 2005, which was the date that Officer Quigley allegedly met Ms. Zhuang at ANA WHOLESALE in the District of Columbia as set forth in Officer Quigley's Affidavit, <u>and</u> (c) that Ms. Zhuang and her mother were in California visiting her older brother's family on May 12, 2005, which was the date that Officer Quigley allegedly purchased counterfeit purses and other such items from Ms. Zhuang at ANA WHOLESALE in the District of Columbia.

26.    It, moreover, is clear that the Government dismissed the instant Complaint against Defendant, because it had determined that Ms. Zhuang was innocent of the instant charges.

27.    Therefore, it is in the interest of justice and equity for this Court to expunge the arrest record and the criminal history record of this case regarding Defendant, because Defendant is innocent of the charges <u>and</u> the instant arrest and criminal records, which are the products of the Government's arrest of Defendant based on

12

mistaken identity and the Government's dismissal of the charges against Defendant based on the Government's recognition of Defendant's innocence of all charges, have no legitimate law enforcement credibility or value to the Government.

**V.**

**THE COURT SHOULD GRANT THE INSTANT MOTION, BECAUSE THE SUBSTANTIAL HARM SUFFERED BY THE DEFENDANT OUTWEIGHS THE GOVERNMENT'S NEED FOR A RECORD OF THE ARREST AND A RECORD OF THESE PROCEEDINGS**

28.    In addition to the fact that Defendant's instant arrest and criminal records arose from the Government's arrest of Defendant based on mistaken identity, Defendant has and will continue to suffer substantial harm from the arrest and criminal records. Specifically, Defendant's arrest and criminal records has and will continue to impair her ability to qualify for a job for which she has been offered and to obtain future employment.

29.    Ms. Zhuang's arrest and criminal records, moreover, may prevent her from obtaining a license as a certified public accountant**.**

30.    Also, Ms. Zhuang has and will continue to suffer the social stigma resulting from her arrest and criminal records.  Attached herein as

13

"Exhibit **7**" is Ms. Zhuang's Affidavit.

31.    As set forth in Ms. Zhuang's attached Affidavit, she has and will continue to suffer substantial harm from her arrest and criminal records.  Consequently, the Court should order the expungement of Ms. Zhuang's arrest and criminal records to preserve her basic legal rights to work and to protect her reputation.

## VI.

## <u>CONCLUSION</u>

32.    For the foregoing reasons, Defendant, Ms. Zhuang, respectfully requests that the Court grant the instant Motion, based on <u>either</u> the ground that her arrest and criminal records are the products of the Government's arrest of her based on mistaken identity, <u>or</u> the ground that the substantial harm to Ms. Zhuang caused by her arrest and criminal records outweighs the Government's need for those records.

WHEREFORE, Defendant, LIRONG ZHUANG, respectfully requests that the Court order the expungement of her arrest and criminal records, and that the Court order such other and further relief as the nature of her cause may require.

14

DATED: <u>July 1, 2008</u>                    <u>/s/ Sharon C. Chu</u>
                                             Sharon C. Chu (D.C.Bar#445690)
                                             LAW OFFICES OF SHARON C. CHU
                                             100 Park Avenue, Suite #288
                                             Rockville, MD 20850
                                             (301) 838-8988

                                             Attorney for Defendant

## Certificate of Service

I HEREBY CERTIFY that on this <u>1</u><sup>st</sup> day of July, 2008, a copy of the foregoing **MOTION FOR EXPUNGEMENT OF ARREST RECORD AND CRIMINAL RECORD** was placed in a sealed envelope with first-class postage thereon fully prepaid, in the United States mail at Rockville, Maryland addressed as follows:

    1.    John P. Carlin, Esq.
          Assistant U.S. Attorney
          U.S. ATTORNEY'S OFFICE
          555 Fourth Street, NW
          Washington, D.C. 20530

    2.    Corbin A. Weiss, Esq.
          Assistant U.S. Attorney
          U.S. DEPARTMENT OF JUSTICE
          1301 New York Avenue, NW
          Washington, D.C. 20530-0001

                                             <u>/s/ Sharon C. Chu</u>
                                             Sharon C. Chu

C:\Documents and Settings\Sharon Chu\My Documents\My Documents\OFFICE CLIENTS\ZHUANG, LIRONG (EXPUNGEMENT 1-16-08)\PLEADINGS\MOTION FOR EXPUNGEMENT.revised.7-1-08.wpd

15