# EXHIBIT 7

## Ms. Zhuang's Affidavit (1 Original)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff, | : |
| v. | : Case No.: <u>1:05-MJ-00601-AK-1</u> |
| LIRONG ZHUANG | : |
| Defendant. | : |

**AFFIDAVIT OF LIRONG ZHUANG**

I, LIRONG ZHUANG, declare as follows:

1. I am the Defendant in the above-captioned proceeding. I make this Affidavit in support of the <u>Motion for Expungement of Arrest Record and Criminal Record</u>.

2. I was born in China on April 21, 1975, and I immigrated to the United States with my parents and siblings on or about April 1995.

3. On or about June 2, 2003, I became a naturalized citizen of the United States. *See* "Exhibit 1" of the <u>Motion for Expungement of Arrest Record and Criminal Record</u> for a copy of my United States passport.

4. On or about August 25, 2000, I graduated from the University of Maryland at College Park with a Bachelor's Degree in Accounting. *See "Exhibit 2" of the Motion for Expungement of Arrest Record and Criminal Record for a certified copy of my transcript issued by the University of Maryland at College Park.*

5. On or about January 18, 2001, my husband, Jian Zhuang, and I were married, and we have three (3) minor children.

6. On or about November 9, 2005, Plaintiff, the United States of America (hereinafter called the "Government"), obtained an arrest warrant against me. *See "Exhibit 3" of the Motion for Expungement of Arrest Record and Criminal Record for copies of the Arrest Warrant issued on November 9, 2005, the Affidavit of Ms. Lavinia A. Quigley, and the Criminal Complaint filed by the Government against Ms. Zhuang on or about November 9, 2005.*

7. The Affidavit signed by Ms. Lavinia A. Quigley, who was a police officer with the Metropolitan Police Department, alleged that she participated in an undercover investigation of LAI WHOLESALE (a.k.a. ANA WHOLESALE) (hereinafter called

"ANA WHOLESALE"), located at <u>1335-1337 4TH Street, NE, Washington, D.C.</u> from January 2005, through November 9, 2005, to determine if said business was engaged in the commercial sale of counterfeit products (e.g., counterfeit Gucci, Coach, Burberry, and Prada purses). *See "Exhibit 3" of the Motion for Expungement of Arrest Record and Criminal Record for a copy of Officer Quigley's Affidavit.*

8. Officer Quigley stated, *inter alia*, in her Affidavit the following:

   a. She met two Asian females at ANA WHOLESALE on January 26, 2005, "one of whom was subsequently identified as LIRONG ZHUANG." *See "Exhibit 3" of the Motion for Expungement of Arrest Record and Criminal Record for a copy of Officer Quigley's Affidavit.*

   b. On April 25, 2005, I (i.e., LIRONG ZHUANG) allegedly identified myself as "Lee" to Officer Quigley at ANA WHOLESALE. *See "Exhibit 3" of the Motion for Expungement of Arrest Record and Criminal Record for a copy of Officer Quigley's Affidavit.*

   c. On April 25, 2005, and May 12, 2005, she went to ANA

3

WHOLESALE and purchased counterfeit Coach, Burberry, Prada, and Gucci handbags and other such items from two Asian females who allegedly were later identified to be one LAN MA and me (i.e., LIRONG ZHUANG). <u>See</u> "Exhibit 3" of the <u>Motion for Expungement of Arrest Record and Criminal Record</u> for a copy of Officer Quigley's Affidavit.

9. **This is a case of mistaken identity, because I never worked at ANA WHOLESALE and was not present at ANA WHOLESALE on the dates (i.e., January 26, 2005, April 25, 2005, and May 12, 2005) set forth in Officer Quigley's Affidavit. In fact, I was on an extended vacation in China from December 29, 2004, through April 4, 2005, and thus I was not at ANA WHOLESALE on January 26, 2005, as alleged by Officer Quigley.** <u>See</u> "Exhibit 4" of the <u>Motion for Expungement of Arrest Record and Criminal Record</u> for the relevant pages of my passport, proving that I was in China from December 29, 2004, through April 4, 2005. **Further, my mother and I were visiting my older brother's family in California from May 10, 2005, through May 30, 2005, because my older**

4

brother's wife just had given birth to their second daughter and needed my mother's and my help. Thus, I was not at **ANA WHOLESALE on May 12, 2005, as alleged by Officer Quigley.** *See "Exhibit 5" of the* <u>Motion for Expungement of Arrest Record and Criminal Record</u> *for a copy of my e-ticket regarding my travel to California from May 10, 2005, through May 30, 2005.*

10. On or about November 10, 2005, I was arrested by agents of the Federal Bureau of Investigations (hereinafter called "FBI"), while I was working at A & B Wholesale Corporation, located at <u>307-309 West Baltimore Street, Baltimore, Maryland 21201</u>. (*See* Docket#4).

11. At the time of my arrest on November 10, 2005, I was working as a cashier and bookkeeper at A & B Wholesale Corporation. In fact, I continuously had been employed as a cashier and bookkeeper at A & B Wholesale Corporation from about January 2002, through about October 2006.

12. On or about November 10, 2005, FBI agents arrested one LAN MA, who is an Asian female, and one RICARDO GUEVARA

5

GOMEZ, who is a Hispanic male, while they were working at ANA WHOLESALE, located at 1335-1337 4TH Street, NE, Washington, D.C. See "Exhibit 6" of the *Motion for Expungement of Arrest Record and Criminal Record* for the Docket Sheets regarding the Government's prosecutions of Ms. Ma and Mr. Gomez.

13. I was released from detention on personal recognizance on November 14, 2005. (*See* Docket#5).

14. On January 9, 2006, I waived my right to a speedy trial for sixty (60) days and consented to the continuance of the preliminary hearing for sixty (60) days, because the Government's attorneys had informed my attorney, Sharon C. Chu, Esq., that they had issued subpoenae to various airline companies to ascertain whether I was indeed out of the District of Columbia on the dates alleged in Officer Quigley's Affidavit and that the airline companies needed about sixty (60) days to provide my travel records to the Government.

15. Mr. Carlin informed my attorney, Ms. Chu, on or about February 2006, that the two (2) individuals arrested at ANA WHOLESALE

on November 10, 2005, had informed the Government that I never worked at ANA WHOLESALE, and that the Government was willing to dismiss this criminal action against me.

16. On or about February 23, 2006, the Government filed a Motion to Dismiss the Complaint against me. (*See* Docket#7).

17. Magistrate Judge Kay granted the Government's Motion to Dismiss the Complaint against me on February 23, 2006. (*See* Docket#8).

18. Other than my aforementioned arrest on November 10, 2005, and my being the Defendant in this criminal case, I never have been arrested at any other time, either before or after November 10, 2005, and I never have been charged or convicted of any crime or offense.

19. My husband currently works full-time as the assistant general manager of a large construction project in Hunan, China. Specifically, said project consists of the construction of 15 high rise condominium buildings containing 2000 condominium units, a luxury hotel, and two shopping centers, and it is estimated that said project will be completed on or about Fall 2015.

20. In order to keep our family unit together, our three (3) young children and I intend to move to Hunan, China, and live there during the time that my husband is employed there.

21. I recently received a job offer to work full-time as an assistant financial manager at Hunan Mayfair Real Estate Investment Co., Ltd. (hereinafter called "Hunan Mayfair"). However, because the job requires me to deposit checks, to issue checks, and to keep a record of the bank accounts of Hunan Mayfair, said company has requested that I provide them with proof that I have a clear criminal record, and that I have never been arrested, as a precondition of my employment there. Attached herein as "Exhibit 1" is the Letter from Mr. Yan Lin, the Financial Manager of Hunan Mayfair, regarding the offer of my employment.

22. I, consequently, will not be able to accept the job offer from Hunan Mayfair, unless the instant <u>Motion for Expungement of Arrest Record and Criminal Record</u> is granted.

23. Further, when my husband and I return to the United States after the completion of the aforementioned construction project, it will be extremely difficult for me to obtain any employment in the

United States, because employers routinely make criminal background checks of job applicants before they will extend any job offer. This is especially true in my case, in light of the fact that the crime with which I was charged (i.e., Title 18 of the United States Code, Sections 371 and 2320 for conspiracy to intentionally traffic and sell counterfeit goods) implies that I am a deceitful person and that I cannot be trusted. As I have a Bachelor's Degree in Accounting and have a history of working as a bookkeeper and dealing with finances/money of my employers, it is clear that my instant arrest record and criminal record substantially will impair me from obtaining gainful employment in the field of accounting.

24. I, moreover, plan to take the State of Maryland's Certified Public Accountancy Examination in the near future. One of the requirements of obtaining a Certified Public Accountancy license in Maryland is that I prove that I have good moral character and that I have not been arrested or convicted of any crime. Attached herein as "Exhibit 2" is a printout of the Application for Certified Public Accountancy License of the State of Maryland.

25. As set forth above, I have suffered and I will continue to suffer profound damage to my character and reputation as a result of being wrongfully arrested on November 10, 2005, and being wrongfully accused of this crime. Further, my ability to accept the aforementioned job offer from Hunan Mayfair, my future employment prospects, and my ability to obtain a certified public accountancy license from the State of Maryland are and will be severely and adversely affected by my instant arrest record and my criminal record.

26. I respectfully implore the Court to consider the fact (a) that I was wrongfully arrested, (b) that I am innocent of the instant crime, (c) that I <u>never</u> have been arrested or charged with any crime or convicted of any crime other than my arrest on November 10, 2005, and the instant criminal case, (d) that I have and will continue to suffer profound damages to my employment prospects, to my career, and to my reputation as a result of the instant arrest record and criminal record, and (e) that there is no public interest whatsoever for the Government to maintain the record of my arrest and this criminal case. I, therefore,

respectfully implore the Court to grant my <u>Motion for Expungement of Arrrest Record and Criminal Record</u>.

### CERTIFICATION

I, <u>LIRONG ZHUANG</u>, am over the age of eighteen (18). I DO SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE MATTER AND FACTS SET FORTH IN THE FOREGOING <u>AFFIDAVIT OF LIRONG ZHUANG</u> ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL KNOWLEDGE, INFORMATION AND BELIEF.

/s/Lirong Zhuang
LIRONG ZHUANG

### AFFIDAVIT

**STATE OF MARYLAND: COUNTY OF MONTGOMERY: TO WIT:**

I HEREBY CERTIFY, that on this <u>1st</u> day of <u>July</u>, 2008, the above-named <u>LIRONG ZHUANG</u>, personally appeared before me and made oath in due form of law that the matters and facts set forth in the foregoing Affidavit of Lirong Zhuang are true and correct as therein stated and acknowledged that the said Affidavit is in fact her act and deed and that she has full understanding thereof.

AS WITNESS my hand and Notarial Seal.

/s/Jessie L. Ye
NOTARY PUBLIC
My Commission Expires: <u>2/21/2012</u>